**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORINNE DZIESIUTA | Criminal Action No. 20-339 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Corinne Dziesiuta's ("Dziesiuta") pro se Motion for Early Termination of Supervised Release. (ECF No. 6.)[1] The United States of America (the "Government") opposed (ECF No. 9), and Dziesiuta did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies Dziesiuta's Motion for Early Termination of Supervised Release.

**I.     BACKGROUND**

On August 3, 2017, Dziesiuta pled guilty to one count of a three-count indictment charging, among other counts, wire fraud in violation of 18 U.S.C. § 1343 ("Count Two"). (PSR ¶ 10.) From 2010 through 2016, Dziesiuta fraudulently convinced Victim A, an 88-year-old widower, that he had won millions of dollars in a sweepstake. (*Id.* ¶¶ 5, 14, 27.) Operating out of Costa Rica,

---

[1] In July 2021, Dziesiuta submitted two identical motions for early termination to the Court. (*See* ECF Nos. 5, 6.) Because only the motion received by the Court on July 13, 2021, is signed by Dziesiuta, the Court considers that as the operative motion. (ECF No. 6.)

Dziesiuta and her accomplices tricked Victim A into paying them money under the guise of necessary fees, taxes, and insurance needed before he could collect his fictitious prize money. (*Id.* ¶¶ 14-18.) As part of Dziesiuta's trickery, she misled Victim A into believing the two were friends. (*Id.* ¶¶ 28, 32.) For example, on more than one occasion Dziesiuta called Victim A to talk about his personal life and gain his trust. (*Id.* ¶ 32.) Victim A needed additional money to pay the fictious fees and, as a result, he sold his condominium, opened a home equity loan on his residence, and borrowed money from friends. (*Id.* ¶¶ 29-30.) When the dust settled, Victim A was left in "bad shape financially" and even delayed some medical procedures because he could no longer afford them. (*Id.* ¶ 31.) In total, Dziesiuta and her accomplices received $4.1 million from Victim A, and the group was hoping to receive another $3.7 million before law enforcement arrested Dziesiuta for the instant offense. (*Id.* ¶ 41.)

In December 2017, the District Court for the Northern District of Illinois sentenced Dziesiuta to sixty months' imprisonment and three years of supervised release. (Judgment, ECF No. 2-2.) Her term of supervised release commenced on January 7, 2020. (*Id.*) Dziesiuta now resides in Ewing, New Jersey, under the supervision of the Probation Office for the District of New Jersey.[2] She currently manages a salon and has completed more than half of her supervised release term. (Def.'s Mot. 2, ECF No. 6.) In July 2021, Dziesiuta submitted her motion to the Court, requesting that it "terminate her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1)." (*Id.* at 1.) In her correspondence, Dziesiuta noted that she complied with the terms of her release, including paying her monthly $25 restitution obligations. (*Id.* at 2.) The Government

---

[2] This case was reassigned to the undersigned in April 2020 as part of the transfer of Dziesiuta's supervision. (ECF No. 1.)

opposes Dziesiuta's request for early termination, arguing that the nature of Dziesiuta's offense and the interests of justice weigh strongly against granting early termination of supervised release. (Gov't's Opp'n Br. 1, ECF No. 9.)

## II.     **LEGAL STANDARD**

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). The statute directs the Court to consider factors listed under 18 U.S.C. § 3553(a).[3] In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys

---

[3] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable . . . is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III. DISCUSSION

After careful review, the Court concludes that early termination of supervised release is not warranted in this case.

4

*First*, the Court finds that the § 3553(a) factors weigh against granting early termination. Dziesiuta defrauded an elderly widower out of millions of dollars. This type of scheme, particularly considering the victim's circumstances, illustrates a chilling lack of empathy. In carrying out her plot, she also gained Victim A's trust and tricked him into thinking they were, in his words, "friends . . . like a cousin or neighbor." (PSR ¶ 28.) The scheme left Victim A in emotional and financial distress, forcing him to delay costly medical proceedings. (*Id.* ¶¶ 30-31.) What's more, either Dziesiuta or her accomplices threatened Victim A that they would seize his assets if he did not pay them. (*Id.* ¶ 29.) Dziesiuta's role was not minor, either—Victim A claimed he spoke with Dziesiuta "98 percent" of the time. (*Id.* ¶ 33.) On balance, a holistic review of the § 3553(a) factors weigh against granting early termination.

*Second*, after considering the sentencing factors, § 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Dziesiuta, in requesting early termination, points to her positive conduct over the past few years and the lack of incidents during her prison sentence and supervision. (Def.'s Mot. 2.) For example, she notes that she complies with all provisions of her supervision, including making monthly restitution payments. (*Id.*) Further, since her release, Dziesiuta highlights that she has housing, steady employment managing a salon, and is meaningfully involved with her family. (*Id.*) In other words, she appears to be doing well since her release from custody. The Court commends Dziesiuta for complying with the terms of her supervised release. That alone, however, does not warrant early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised

release when defendant "provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision").

*Finally*, the interests of justice do not mandate early termination. Dziesiuta put forward no reason that would justify granting early termination of her supervision. For the instant offense, Dziesiuta spent only a limited amount of time in the Bureau of Prisons' custody. Supervised release, therefore, remains a central part of assisting Dziesiuta with reintegration by providing structure and supervision. Without more, "the Court remains satisfied that upon [sentencing], the imposition of [Dziesiuta]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Id.* at *2 (quoting *United States v. Ferriero*, No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

## IV.   CONCLUSION

After carefully considering Dziesiuta's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate the remainder of Dziesiuta's supervised release early and denies Dziesiuta's motion. The Court will enter an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE